# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Cynthia Lloyd, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br><br><br><br><br><br>     -v.-<br><br>Ragan & Ragan, P.C.,<br>Second Round Sub, LLC,<br><br>          Defendant(s). | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cynthia Lloyd (hereinafter, "Plaintiff"), a Georgia resident, brings this

Class Action Complaint by and through her attorneys, Stein Saks, PLLC against

Defendant Ragan & Ragan, P.C. (hereinafter "Defendant Ragan & Ragan") and

Defendant Second Round Sub, LLC (hereinafter "Defendant Second Round")

together ("Defendants"), individually and on behalf of a class of all others similarly

situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon

information and belief of Plaintiff's counsel, except for allegations specifically

pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

1

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of Georgia consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of Georgia, County of Fulton.

8.     Defendant Ragan & Ragan is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with a business address of 3100 Breckinridge Blvd. Ste. 722, Duluth, GA 30096.

9.     Upon information and belief, Defendant Ragan & Ragan is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant Second Round is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with a business address of 3100 Breckinridge Blvd. Ste. 722, Duluth, GA 30096.

11.     Upon information and belief, Defendant Second Round is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

a. all individuals with addresses in the State of Georgia;

b. to whom Defendant Ragan & Ragan sent a response to a consumer's dispute;

c. on behalf of Defendant Second Round;

d. including documentation with a statement demonstrating a zero-dollar balance;

e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e et seq.

17.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests

which might cause them not to vigorously pursue the instant class

action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means

for the fair and efficient adjudication of this controversy because

individual joinder of all members would be impracticable. Class

action treatment will permit a large number of similarly situated

persons to prosecute their common claims in a single forum

efficiently and without unnecessary duplication of effort and expense

that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil

Procedure is also appropriate in that the questions of law and fact common to

members of the Plaintiff Class predominate over any questions affecting an

individual member, and a class action is superior to other available methods for

the fair and efficient adjudication of the controversy.

20.    Depending on the outcome of further investigation and discovery,

Plaintiff may, at the time of class certification motion, seek to certify a class(es)

only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## <u>FACTUAL ALLEGATIONS</u>

21.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.    Some time prior to April 7, 2021, on a date better known by Defendants, an obligation was allegedly incurred to the original creditor Synchrony Bank (hereinafter "Synchrony") with an original creditor account number ending in ************5060.

23.    The Synchrony obligation arose out of transactions involving personal, family or household purposes obtained by Plaintiff from Synchrony and was incurred primarily for personal, family or household purposes.

24.    Specifically, Plaintiff allegedly bought goods for personal and/or family use using her CareCredit Core Dental/Synchrony Bank Credit Card.

25.    The alleged Synchrony obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

26.    Synchrony is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

27.    Defendant Second Round subsequently purchased the defaulted Synchrony debt for the purpose of debt collection. Therefore, Defendant Second Round is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

28.    Allegedly, the subject account was purchased by Second Round on or around December 16, 2017.

29.     Upon information and belief, Defendant Ragan & Ragan was contracted by Defendant Second Round for the purpose of collecting on the subject debt. Therefore, Defendant Ragan & Ragan is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

30.     Defendant Second Round assisted in the attempt to validate the subject debt, making them directly liable for any violations of law resulting therefrom.

31.     Defendant Second Round has policies and procedures in place that govern Defendant Ragan & Ragan's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant Second Round's control over Defendant Ragan & Ragan's collection practices.

32.     By virtue of the relationship between the two Defendants, Defendant Second Round  exercised control over Defendant Ragan & Ragan while the latter was engaged in collecting the subject debt on behalf of the former.

33.     Therefore, Defendant Second Round should also be held vicariously liable for any and all violations committed by Defendant Ragan & Ragan.

### *Violation – May 13, 2021 Collection Letter*

34.     In its initial collection letter sent to Plaintiff on April 7, 2021. Defendant Ragan & Ragan stated that Plaintiff owed an amount due of $2,538.77 to the original creditor, Synchrony Bank.

35.     Subsequently, and within 30 days of receipt of Defendant Ragan & Ragan's letter, Plaintiff sent a letter to Defendant Ragan & Ragan on May 3, 2021, disputing the validity of the subject debt. The Plaintiff made it absolutely clear that she did "not have any responsibility for the debt" Defendant was attempting to collect.

36.     On May 13, 2021, Defendant Ragan & Ragan sent Plaintiff a response to her dispute letter. (A true and accurate copy of Defendant's response "Letter" is attached hereto as Exhibit A.)

37.     Included with Defendant's May 13, 2021 Letter were some documents, including a statement summary from Carecredit/Synchrony Bank.

38.     The statement had a closing date of 03/19/2017, with a **New Balance of $0.00**.

39.     This demonstrates that Plaintiff does not owe any obligation to the creditor.

40.     Alternatively, the statement summary does not validate that Plaintiff owes the amount stated to the original creditor or any purchaser of the subject debt thereafter.

41.     Specifically, the statement includes the following breakdown at the top of the page:

|                  |            |
|------------------|------------|
| Previous Balance | $3,117.77  |
| New Purchases    | $0.00      |

| | |
|---|---|
| Payments | $0.00 |
| Credits, Fees & Adjustments | -$3,117.77 |
| Interest Charge (net) | $0.00 |
| **New Balance** | **$0.00** |

42.    Further down the page, in the Transaction Summary, the following breakdown is included:

| | |
|---|---|
| Charge Off Account – Principals | $2,806.00 |
| Charge Off Account – Interest | $348.77 |
| Late Fee | $37.00 |
| Interest Charged | $0.00 |

43.    The Letter claims to be a "substantiation" of the Plaintiff's debt; however, it remains unclear as to why there is a $653.00 decrease between the "amount owed at charge off" and the "amount of debt owed".

44.    This $653.00 difference is further puzzling in light of the $37.00 late fee charge and the zero amount allocations for the categories of "interest" and "payments."

45.    Defendants did not provide any explaination for the $653.00 discrepancy or any understanding for why the "New Balance" was listed as zero.

46.    The Letter is confusing and misleading. The Plaintiff was left wondering if she had a zero-dollar balance, she must pay the balance listed on the original debt statement, or the balance listed on the debt collector's Letter.

47.    The least sophisticated consumer, and the plaintiff included, remains puzzled as to which entity is correct, the original creditor or the debt collector.

48.     Without clarifying the differences between the amounts in the account statement, the amount due in the collection letter, and the zero-dollar balance listed as of 03/19/2017, Defendant Second Round filed a lawsuit against Plaintiff on June 24, 2021 in Fulton County Court.

49.     The lawsuit has case number 21MS153798 and states that Defendant Second Round seeks $2,538.77 plus $110.00 in court costs.

50.     Defendant Second Round sued Plaintiff for the unsubstantiated amount listed on their initial collection letter, despite the fact that the supporting account statements did not justify the amount owed.

51.     The Defendant failed to provide any explanation in the Letter as to why the balance decreased subsequent to charge off. The omission of an explanation leaves open several options in the mind of a consumer; including:

(1) the Defendant intends to waive some amount of the debt, and failed to state their waiver in the validation Letter;

(2) the Defendant made a mistake on the "Amount of Debt Owed" line-item, which would leave the Plaintiff with a remaining balance, should she opt to pay the $2,538.77 "Amount of Debt Owed", as listed on the initial collection letter.

(3) Defendants do not in fact have the right to collect this debt as they were unable to verify the amount due.

52.     Therefore, the Letter provided by Defendant Ragan & Ragan which ostensibly intends to validate the Plaintiff's debt has no meaning and serves only to mislead and confuse the consumer as the true balance cannot be determined from the Letter.

53.     The Plaintiff could not determine the correct amount owed from the Letter because three different balances were provided without any explanation for the difference between the balances.

54.     Without providing her a reasonable explaination for the amount of the debt due, Defendant Second Round sued Plaintiff for the subject debt.

55.     Further, Defendant Second Round's Letter is a false representation of the amount of the debt due.

56.     When Plaintiff received the summons and complaint, she felt scared, upset, and terribly frustrated that Defendants sued her without providing any meaningful validation that she even owes the amount that sought from her.

57.     The actions and omissions of Defendants concretely harmed Plaintiff.

58.     Plaintiff was provided an incorrect amount of the debt and a validation letter that failed to substantiate the amount Defendants sought. This is analogous to the common law tort of fraud and establishes concrete damages to Plaintiff.

59.     Plaintiff was harassed for a debt she does not owe, in part or in full. This is analogous to the common law tort of invasion of privacy and establishes concrete damages to Plaintiff.

60.     Plaintiff has been forced to deal with a lawsuit for a debt Defendants did not substantiate. This is analogous to the common law tort of malicious prosecution and establishes concrete damages to Plaintiff.

61.     Defendants are using this tactic of adding heavy pressure involved in litigation to lure Plaintiff to pay a debt she does not owe rather than explain to Plaintiff why she owes the amount Defendants seek.

62.     As a result of Defendants' false, deceptive, and misleading debt collection practices, Plaintiff has been damaged in a concrete and particularized manner.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

63.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

64.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

65.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66.    Defendants violated §1692e :

    a.  As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2);

    b.  By making a false and misleading representation in violation of §1692e(10).

67.    By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

68.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cynthia Lloyd, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

1.      Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class

Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this

Court may deem just and proper.


Dated:       February 16, 2022                          Respectfully Submitted,

                                                        s/ *Misty Oaks Paxton*
                                                        By:  Misty Oaks Paxton, Esq.
                                                        3895 Brookgreen Pt.
                                                        Decatur, GA, 30034
                                                        Phone: (404) 725-5697
                                                        Fax: (775) 320-3698
                                                        attyoaks@yahoo.com
                                                        *Attorney for Plaintiff*


                                                        */s/ Tamir Saland*
                                                        Tamir Saland, Esq.
                                                        STEIN SAKS, PLLC
                                                        One University Plaza, Ste. 620
                                                        Hackensack, NJ 07601
                                                        (201) 282-6500 ext. 122
                                                        (201) 282-6501  Fax

tsaland@steinsakslegal.com
*pro hac vice pending*